# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 16, 2014

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
Justices

147883-7

MENARD, INC.,
    Plaintiff-Appellant,

v

DEPARTMENT OF TREASURY,
    Defendant-Appellee,
and

STATE TREASURER and
STATE OF MICHIGAN,
    Defendants.

_____/

SC: 147883
COA: 310399
Ct of Claims: 10-000082-MT

SEARS ROEBUCK AND CO.,
    Plaintiff-Appellant,

v

STATE TREASURER, STATE OF
MICHIGAN, and DEPARTMENT OF
TREASURY,
    Defendants-Appellees.

_____/

SC: 147884
COA: 311053
Ct of Claims: 09-000068-MT

MENARD, INC.,
    Plaintiff-Appellant,

v

STATE TREASURER, STATE OF
MICHIGAN, and DEPARTMENT OF
TREASURY,
    Defendants-Appellees.

_____/

SC: 147885
COA: 311261
Ct of Claims: 09-000057-MT

ART VAN FURNITURE-CONNER, INC.,
    Plaintiff-Appellant,

v

STATE TREASURER, STATE OF
MICHIGAN, and DEPARTMENT OF
TREASURY,
    Defendants-Appellees.

_____/

SC: 147886
COA: 311294
Ct of Claims: 09-000059-MT

ART VAN FURNITURE, INC.,
    Plaintiff-Appellant,

v

STATE TREASURER, STATE OF
MICHIGAN, and DEPARTMENT OF
TREASURY,
           Defendants-Appellees.

_____/

On order of the Court, the application for leave to appeal the September 12, 2013 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

ZAHRA, J. (*dissenting*).

I respectfully dissent and would grant leave to appeal to consider whether plaintiffs are entitled to bad-debt deductions under MCL 205.54i from their sales tax remittances to the state based on credit sales to customers who defaulted on their credit card payments. MCL 205.54i provides that a "taxpayer" may deduct from its monthly sales tax remittance "the amount of bad debts." In *DaimlerChrysler Servs North America LLC v Dep't of Treasury*, 271 Mich App 625 (2006), the Court of Appeals held that DaimlerChrysler Services North America LLC, which had overpaid tax revenue to the Department of Treasury for motor vehicles sold to consumers by its affiliated dealers, was entitled to relief under MCL 205.54i in part because a nexus existed between the bad debt, DaimlerChrysler, and the retail sales. Specifically, the Court of Appeals reasoned that DaimlerChrysler was a "taxpayer" as defined under MCL 205.51(1)(m) as " 'a person subject to a tax under this act.' " *Id*. at 635, quoting MCL 205.51(1)(m). In turn, "person" was defined as " 'an individual, firm, partnership, joint venture . . . *or any other group or combination acting as a unit . . . .*' " *DaimlerChrysler*, 271 Mich App at 635, quoting MCL 205.51(1)(a) as amended by 2000 PA 390 (emphasis added). Having concluded that the plain language of the statute contemplated a broad array of taxpayers—including DaimlerChrysler and its affiliated dealers acting as a single, taxable entity for the purpose of the retail sale of automobiles—the Court of Appeals held that Chrysler was entitled under MCL 205.54i to recover overpayment. *DaimlerChrysler*, 271 Mich App at 635-636.

The Legislature enacted 2007 PA 105 shortly after the *DaimlerChrysler* decision, adding to MCL 205.54i a definition of "taxpayer" as

> a person that has remitted sales tax directly to the department on the specific sales at retail transaction for which the bad debt is recognized for federal income tax purposes or, after September 30, 2009, a lender holding the account receivable for which the bad debt is recognized, or would be recognized if the claimant were a corporation, for federal income tax purposes.  [MCL 205.54i(1)(e).]

The enacting language of 2007 PA 105 provides that the amendatory act is, in part, meant to "correct[] any misinterpretation of the meaning of the term 'taxpayer' that may have been caused by the Michigan Court of Appeals decision in Daimler Chrysler . . . ." MCL 205.54i, enacting §1.  Significantly, the amendatory act did not change the definition of "person" on which the *DaimlerChrysler* Court relied.

In the instant case, the retailer-plaintiffs sold goods that consumers purchased by using private label credit cards bearing the retailers' names but issued by independent financial institutions.  The plaintiffs contend that their actions, in conjunction with the actions of the respective financial institutions, qualified for the bad-debt deduction under MCL 205.54i.  Relying on 2007 PA 105 and the new definition of "taxpayer" in MCL 205.54i(1)(e), the Court of Appeals disagreed.  But again, the new definition of "taxpayer" added by 2007 PA 105 relies on the definition of "person" provided in MCL 205.51(1)(a), which remains unchanged from when the Court of Appeals decided *DaimlerChrysler.*  Thus, plaintiffs' contention that they are taxpayers under MCL 205.54(1)(e) is at least plausible given that their actions, in conjunction with those of the respective lenders, presumably constitute those of "any other group or combination acting as a unit," thereby making each plaintiff a "person" under  MCL 205.54(1)(a). The Court of Appeals in this case failed to address the relevant definition of "person" when it omitted the phrase "any other group or combination acting as a unit" from its analysis of MCL 205.54(1)(a).  *Menard Inc v Dept of Treasury*, 302 Mich App 467, 481-482 (2013).  Rather, the Court of Appeals stated that "MCL 205.51(1)(a) defines 'person' to include '[a] municipal or private corporation[,] whether organized for profit or not, [and a] company,' " and stated that "[t]herefore, the payment of the bad debt by a third party lender, an organized corporation, does not entitle retailers to a bad debt refund." *Id*.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 16, 2014



Clerk

p0513